

Sept. 2, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

## 09-61385-Civ-ZLOCH/ROSENBAUM

| | | |
|---|---|---|
| GREGORY LASKY; ADVOCATES FOR DISABLED AMERICANS (AFDA), | : | CASE NO. |
| Plaintiffs, | : | |
| vs. | : | |
| ROMBOUTS REALTY CORP. | : | **PLAINTIFFS' COMPLAINT** |
| Defendant. | : | |

JURISDICTION

1. Jurisdiction is based on 28 U.S.C. § 1331, et seq. in that the Plaintiffs allege a cause of action based on a federal statute.

PARTIES

2. Plaintiff Gregory Lasky is disabled and uses a wheelchair. Plaintiff Lasky resides at 3350 East Greenview Terrace, Margate, Broward County, Florida 33063.

3. Plaintiff AFDA is a civil rights organization whose goal in part is to enforce the rights of the disabled.

4. Defendant is the owner/manager of an office building located at 3080 NW 99 Avenue, Coral Springs, Florida.

5. Defendant's corporate address is 3333 North East 36 St., Fort Lauderdale, Florida 33308.

## FIRST COUNT

6. Plaintiff Lasky has been a patron at Defendant's office building both as a patron and a tester. His ability to enjoy Defendant's services has been impaired because of the lack of accessibility to the disabled.

7. Prior to filing suit the Plaintiffs' counsel insured that said property had not been filed against.

8. Specifically, the Defendant's office building located at 3080 NW 99 Avenue, Coral Springs, Florida violates the following ADA violations:

    <u>Parking area</u> – there are no properly sized access aisles and proper slopes in violation of 28 C.F.R. § 36. App. A. 4.6.4 and 4.6.7. The ramp is illegal in violation of ADAAG 4.8.2. There are no proper accessible routes from the parking to the entrance.

    <u>Bathroom</u> – the bathroom which is in the office building violates 4.2, 4.13.9, 4.17.4, 4.17.6, 4.19.4, and 4.19.6.

    The doors are too heavy and close the wrong way.

9. To correct these violations would be readily achievable and, in a number of instances, said deficiencies are of the new construction and alteration sections of the ADA.

10. The above violations constitute discrimination on account of Plaintiff's disability in violation of the ADA and its regulations.

11. Plaintiff intends to return to said restaurants.

12. Plaintiff seeks an injunction requiring Defendant to make the Defendant's restaurants accessible to the disabled.

WHEREFORE, Plaintiff demands judgment for:

1) Injunctive relief.

2) Attorney fees.

3) Costs of suit.

## SECOND COUNT

13. Plaintiff Lasky repeats the allegations of the first count.

14. In order to seek civil fines and penalties if the Defendant continues to violate the ADA, the Plaintiff seeks a declaratory judgment holding that the Defendant violates the ADA.

WHEREFORE, Plaintiff demands judgment for:

1) Declaratory judgment.

2) Attorney fees.

3) Costs of suit.

## THIRD COUNT

15. Plaintiff Lasky repeats the allegations of the first and second counts.

16. The above mentioned violations are also violations of state law, the Florida Civil Rights Act of 1992, section 760.1 et seq., Florida Statute (1993) and 4.13.08(1)(a).

WHEREFORE, Plaintiff demands judgment for:

1) Damages.

2) Attorney fees.

        3)     Costs of suit.

## FOURTH COUNT

17. Plaintiff AFDA is a New Jersey not-for-profit corporation which is organized and existing in the State of New Jersey. It is a national advocacy organization whose members include qualified persons with disabilities under the access laws and their non-disabled allies. Its purpose is to educate persons and businesses on accessibility issues and to ensure full participation of all people with all types of disabilities in every community (e.g. AFDA seeks to ensure that people with disabilities have access to – and do not encounter discrimination in – places of public accommodation).

18. As a result AFDA represents its members to assure that (a) public spaces and commercial premises are accessible to, and useable by, its members and (b) its members are not excluded from the enjoyment and use of the benefits and services, programs, and activities of public accommodations. These purposes have been (and continue to be) adversely affected by Defendant's violations of the access laws. AFDA has suffered direct and indirect injury as a result of the Defendant's actions and/or inaction, as well as because of its association with its members and their claims. As a result of that failure to remedy existing barriers to accessibility, Plaintiffs, including many members of the AFDA and those similarly situated, have been denied access to, and the benefits of the goods, services, programs, facilities, and activities of Defendant and its facility, and have otherwise been discriminated against and suffered damages caused by Defendant because of the access violations.

4

19. In addition, the discriminatory features of Defendant's facilities, including but not limited to those described herein, are generally known to Plaintiffs – including AFDA's members – and those similarly situated, who are discouraged from patronizing Defendant's facilities. Many of AFDA's members, and those similarly situated, now generally avoid patronizing Defendant's facilities because they are aware of the discriminatory barriers they will encounter.

20. Many members of the AFDA, and others similarly situated, were injured by the discrimination they encountered at Defendant's facilities and continue to be injured by their inability to patronize Defendant's facilities. They have also been injured by the stigma of Defendant's discrimination.

21. Defendant's discriminatory practices have interfered with and continue to interfere with AFDA's efforts to make public accommodations throughout the United States accessible to people with disabilities and thus makes AFDA's task more difficult for several reasons:

    A. Defendant's discrimination, in and of itself, make public accommodations in the United States less accessible to people with disabilities; and

    B. Defendant's discrimination segregates people with disabilities thereby perpetuating discriminatory attitudes in the public at large.

22. Defendant's discrimination has, thus, required, and continues to require, AFDA to make a greater effort – and to allocate resources – to counsel those injured by such discrimination, to educate the public that it is wrong to discriminate against people

5

with disabilities, and otherwise, to counteract the adverse impact of such discrimination.

23. AFDA has also devoted and continues to devote resources – including, but not limited to, those devoted to the present lawsuit – to identify and counteract the sources of discrimination throughout the United States, including that of Defendant.

24. AFDA's injuries are traceable to Defendant's discriminatory conduct alleged herein and will be redressed by the relief requested. AFDA's members with disabilities have been injured and will continue to be injured by Defendant's failure to comply with the access laws and their continued acts of discrimination.

WHEREFORE, Plaintiffs demand judgment for:

1) Damages.

2) Injunctive relief.

3) Attorney fees.

4) Costs of suit.

DATED: August 28, 2009

_____
ANTHONY J. BRADY, JR., ESQUIRE
Florida Bar #0100366
15128 97th Drive
Jupiter, Florida 33478
(856) 662-5234
Email: ladbrady@gmail.com

**( 09-61385-Civ-ZLOCH/ROSENBAUM)**

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**FILED by JCY D.C.**
ELECTRONIC
Sept. 2, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
Gregory Lasky; Advocates For Disabled Americans (AFDA),

**(b)** County of Residence of First Listed Plaintiff **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anthony J. Brady, Jr.,
Law Offices of Anthony J. Brady, Jr.
15128 97th Drive, Jupiter, Florida 33478 - (856) 662-5234

### DEFENDANTS
Rombouts Realty Corp.

County of Residence of First Listed Defendant **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
09cv61385-WJZ/RSR

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE                              DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE August 28, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 547332-IFP